**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

**FILED**



*8:53 am, 4/6/26*

**Margaret Botkins
Clerk of Court**

VENTURE MEDICAL, LLC, a Wyoming
Limited Liability Company

      Plaintiff,

    v.

WOUND CARE OF WYOMING, a Wyoming
Limited Liability Company,

      Defendant.

Case No.  26-cv-22-R

---

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT WOUND CARE OF WYOMING

---

This matter is before the Court on Plaintiff Venture Medical, LLC's Motion for Default Judgment, filed on March 10, 2026. [ECF No. 12].  The Clerk of Court entered default against Defendant Wound Care of Wyoming, LLC on February 23, 2026, after Defendant failed to answer or otherwise respond to Plaintiff's Complaint.  [ECF No. 11].  Plaintiff now applies for a default judgment in the amount of $5,143,978.01, plus attorneys' fees and costs.  Defendant has not responded to the Motion for Default Judgment, and the time for doing so has expired.  *See* Local Civil Rule 7.1(b)(2)(A).  Having considered the Motion, the entire case file, and the applicable law, the Court finds default judgment is warranted.

### BACKGROUND AND FACTUAL ALLEGATIONS

This case is originally before the court on Plaintiff's Complaint for breach of contract. Plaintiff filed the Complaint on January 20, 2026.  [ECF No. 1].  Plaintiff filed an Amended

Complaint on January 23, 2026. [ECF No. 6]. Defendant was served with a copy of the Complaint and the corresponding Writ of Summons issued by this Court on January 28, 2026. [ECF No. 9]. Defendant failed to answer or otherwise respond to Plaintiff's Complaint, and Plaintiff filed an Application for Clerk's Entry of Default on February 20, 2026. [ECF No. 10]. The Clerk of Court entered default judgment against Defendant on February 23, 2026. [ECF No. 11].

On March 10, 2026, Plaintiff filed the instant Motion for Entry of Judgment requesting the Court enter default judgment against Defendant under Rule 55(a) of the Federal Rules of Civil Procedure. [ECF No. 12]. As of the filing of this Order Defendant has not entered an appearance or participated in this case in any fashion. Due to Defendant's default well plead factual allegations contained in Plaintiff's Amended Complaint and Motion for Default Judgment are deemed admitted and accepted as true. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 n.11 (10th Cir. 2003) ("After an entry of default, a defendant cannot defend a claim on the merits.") (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002)); *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) ("The well-pleaded factual allegations of the plaintiff's complaint are taken as true, except those allegations relating to the amount of damages.") (quoting *DeMarsh v. Tornado Innovations, L.P.*, No. 08-2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009)).

2

## LEGAL STANDARD

Default is to be entered against a party who fails to appear or otherwise defend a lawsuit. *See Jones v. Marquis Props., LLC*, 212 F. Supp. 3d 1010, 1015 (D. Colo. 2016); Fed. R. Civ. P. 55(a). "Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment." *Greenwich Ins. Co. v. Daniel L. Firm,* No. 07-CV-02445-TB-J, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (citation omitted). Rule 55 of the Federal Rules of Civil Procedure grants the district court the authority to enter default judgment. *Purzel Video GmbH v. Biby*, 13 F. Supp. 3d 1127, 1135 (D. Colo. 2013); Fed. R. Civ. P. 55(b)(2).

> [D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection.

*Jones*, 212 F. Supp. 3d at 1015 (quoting *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991).

A party, however, "is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court" and trial courts "are vested with broad discretion in deciding whether to enter a default judgment." *Greenwich Ins. Co.*, 2008 WL 793606, at *2 (internal quotation marks omitted).

> Before granting a motion for default judgment, the Court must take several steps. First, the Court must ensure that it has personal jurisdiction over the defaulting defendant and subject matter jurisdiction over the action. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986). Next, the Court should consider whether the well-pleaded allegations of fact— which are admitted by the defendant upon default—support a judgment on the claims against the defaulting defendant. *See Fed. Fruit & Produce Co. v. Red*

3

*Tomato, Inc.*, 2009 WL 765872, at *3 (D. Colo. Mar. 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment."). "In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Id.* (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

*Jones*, 212 F. Supp. 3d at 1015. "If the Court finds that the unchallenged facts create a legitimate basis for the entry of a [default] judgment, it may enter default judgment against a defendant." *Prudential Ins. Co. of Am. v. Sommerfield*, No. 16-CV-2819-WJM-KLM, 2017 WL 5989441, at *3 (D. Colo. Dec. 4, 2017) (internal citations and quotations omitted).

**RULING OF THE COURT**

### *Entry of Default*

The Court will first consider the adequacy of Plaintiff's service of process of the Amended Complaint on Defendant. Plaintiff submitted a Proof of Service showing Defendant was served by leaving a copy of the Amended Complaint and Summons with Defendant's registered Agent Mindy Moens at 5830 E. 2nd Street, Suite 6100, Casper, Wyoming, and Summons at 315 Gannett Drive, Rock Springs, Wyoming 82901-3311. [ECF No. 9]. Defendant failed to file a responsive pleading, and Plaintiff filed a Request for Entry of Default on February 20, 2026. [ECF No. 10]. The Clerk of Court entered default judgment against Defendant on February 23, 2026. [ECF No. 11]. The Court finds service of process was adequate, and that Defendant was properly found to be in default.

### *Jurisdiction*

The Court next addresses the issue of default judgment, beginning with jurisdiction. "[W]hen entry of a default judgment is sought against a party who has failed to plead or

otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986). "Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction)." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999).

In determining jurisdiction "[t]he Court must first address the adequacy of service of process." *Bain v. U.S. Dep't of the Treasury - I.R.S.*, No. 12-CV-02111-REB-KLM, 2013 WL 3155937, at *3 (D. Colo. Apr. 26, 2013), *report and recommendation adopted sub nom*, No. 12-CV-02111-REB-KLM, 2013 WL 2237486 (D. Colo. May 20, 2013) (internal citations and quotations omitted). As stated above, service of process was proper.

Next, the Court has both subject matter and personal jurisdiction over this lawsuit. This Court has subject matter jurisdiction under 28 U.S.C. § 1332. The parties to this lawsuit are diverse and Plaintiff's claim exceeds $75,000.00.

"Regarding personal jurisdiction, the movants need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials." *Id.* (internal citations and quotations omitted). Courts may obtain personal jurisdiction in three ways: "consent by the parties, presence in the forum state, [or] actions by the defendant which affect people in the forum state." *Christian v. OneM Commc'ns Ltd.*, No. 22-CV-00024-NDF, 2023 WL 7385609, at *2 (D. Wyo. Sept. 20, 2023) (internal citations and quotations omitted).

Defendant is a business entity formed in Wyoming under Wyoming's LLC laws, has identified its principal office as being in Wyoming, and was served a summons in accordance

with federal rules of civil procedure through its registered agent in Wyoming. [ECF No. 9].

Therefore, this Court has personal jurisdiction over Defendant. *See* Fed. R. Civ. P. 4(k)(1)(A)

("Serving a summons … establishes personal jurisdiction over a defendant who is subject to the

jurisdiction of a court of general jurisdiction in the state where the district court is located.");

*Venard v. Jackson Hole Paragliding, LLC*, 292 P.3d 165, 168 (Wyo. 2013) (noting that, absent a

valid forum selection clause, a Wyoming state district court generally had personal jurisdiction

over a Wyoming limited liability company); CLIFFORD R. ENNICO, ADVISING EBUSINESSES §

9:7 (2022 ed.) ("A resident of a state—whether a company or an individual—is subject, almost

without fail, to personal jurisdiction in the courts of the states where they reside."); *Cunningham

v. Technologic USA, Inc.*, No. 19-CV-00231-F, 2020 WL 10356246, at *2 (D. Wyo. Jan. 6,

2020) (citing *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017);

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Daimler AG v.

Bauman*, 571 U.S. 117, 137 (2014)); *cf id.* ("Because Wyoming is the place of incorporation for

Technologic USA, the Court has general jurisdiction over this Defendant. Having found general

jurisdiction, the Court does not reach whether specific jurisdiction also exists.").

## *Legal Basis for Default Judgment*

Once default is entered, the party may move for entry of default judgment. Fed. R. Civ. P.

55(b). "[U]pon the entry of default against a defendant, the well-pleaded allegations in the

complaint are deemed admitted." *Richfield Hosp., Inc. v. Shubh Hotels Detroit, LLC*, 2011 WL

3799031 (D. Colo. Aug. 26, 2011); *see also Olcott v. Del. Flood Co.*, 327 F.3d at 1125. "The

court may conduct hearings or make referrals ... when, to enter or effectuate judgment, it needs

to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of

any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). Regardless, "decisions to enter judgment by default are committed to the district court"s sound discretion." *Dennis Garberg & Assoc.'s, Inc. v. Park-Tech Intern. Corp.,* 115 F.3d 767, 771 (10th Cir. 1997). "[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. InterGlobe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) (citing *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983)).

The Court finds Plaintiff has adequately pled claims against Defendant. Plaintiff's allegations contained in the Complaint and Affidavit of Michael Schroeder are deemed true due to the entry of default against Defendant. These allegations are as follows: Plaintiff Venture Medical, LLC is a Montana limited liability company with its principal place of business at 211 N. Higgins Ave, Suite 305, Missoula, MT 59802. Defendant Wound Care of Wyoming is a Wyoming limited liability company with its principal place of business at 1129 East 2nd Street, Casper, WY 82601. Plaintiff is a provider of innovative solutions in wound healing and regenerative therapies. Defendant is a medical practice that provides comprehensive wound care treatment. Defendant is owned and operated by Christina Laird-Rogers, FNP-C. On or about August 26, 2024, Defendant entered into a Sales Agreement ("Contract") with Plaintiff wherein Defendant agreed to purchase certain medical supplies including tissues that would be used in the course of Defendant's business. Under the Contract Defendant agreed to timely pay for all products supplied by Plaintiff. Plaintiff provided substantial amounts of medical supplies to Defendant based upon the Contract and agreement that Defendant would promptly pay for supplies. Despite receiving invoices requiring payment and several demands for payment

Defendant has failed, refused or neglected to pay for medical supplies provided as required by the Contract.  From April 2, 2025, through August 27, 2025, Defendant received invoices from Plaintiff for $4,628,351.00 worth of medical supplies. Defendant accepted and used the supplies but has refused to pay for them.  The Contract provided that Defendant would pay interest on amounts that were billed but not timely paid. Interest has accrued on amounts billed and owing in an amount of $287,817.80 as of December 3, 2025.  Plaintiff has incurred $4,672.50 in attorneys' fees and $470.00 in costs and expenses associated with this litigation.

After the entry of default against a defendant, the Court finds the well pled allegations in the Complaint are deemed admitted and entry of default judgment is appropriate because the amount claimed is capable of mathematical calculation.

*Damages*

Plaintiff has sufficiently established its damages claim.  Plaintiff supplied $4,629,870.60 worth of medical equipment to Defendant.  Defendant accepted the supplies but failed to pay for them.  Under the Contract Defendant is subject to $287,817.80 interest on the amounts that were billed, but not timely paid.  Plaintiff has incurred $4,672.50 in attorneys' fees and $470.00 in costs and expenses in association with this litigation. Despite notice to Defendant and a demand for Defendant to remedy its breach, Defendant has refused to pay for the goods.  Consequently, there is no reasonable dispute that Defendant has breached its agreement with Plaintiff. Defendant owes the total amount of $5,149,120.51, plus post judgment interest at the Contract rate of 18% per annum.

## CONCLUSION AND ORDER

Plaintiff has sufficiently proved the alleged causes of action against Defendant. Defendant failed to timely appear, answer, or defend against the allegations stated in Plaintiff's Amended Complaint.  There is sufficient evidence under Fed. R. Civ. P. 55(b) to award a sum-certain default judgment in favor of Plaintiff's favor.

**IT IS THERFORE ORDERED** Plaintiff's Motion for Entry of Default Judgment [ECF No. 12] is GRANTED.

**IT IS FURTHER ORDERED** that default judgment is hereby entered in favor of Plaintiff Venture Medical, LLC and against Defendant Wound Care of Wyoming, LLC **in the total amount of $5,149,120.51**.

**IT IS FURTHER ORDERED** that Defendant is liable for the payment of post-judgment interest at the Contract rate of 18% per annum beginning on the date the original Default Judgment was filed (April 6, 2026) and continuing until the debt is paid in full.

Dated this 6th day of April, 2026.

Kelly H. Rankin
United States District Judge

9